## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.  CR-12-180-C |
| | ) | |
| STEVEN ESLICK, | ) | |
| | ) | |
| Defendant. | ) | |

## I.        Introduction.

The guideline range in this case is 97 to 120 months' imprisonment. Sometimes the Court grants defendants' requests for downward variances in cases in which they have pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and have no history of acting out. Eslick has pled guilty to child-pornography possession. But his relevant conduct, which includes causing children to take and text him pictures of their genitals, demonstrates that a downward variance would be inappropriate in this case and in fact supports a sentence at the high end of the guidelines range.

## II.        Discussion.

Eslick's guideline range does *not* take into consideration the fact that he has exploited minors. Paragraphs 44 through 57 of the PSR enumerate the various adjustments to Eslick's guideline range. *None* of them contemplate his relevant conduct involving his

exploitation of the 14-year-old child C., the 16-year-old child A., and an unidentified 12-year-old child—all described in paragraphs 21 through 31 of the PSR.

If the 97 to 120-month guideline range does not even take into consideration that Eslick has acted out not once but three times with children—hardly an isolated incident—then there is no justification to sentence him below the sanitized guideline range. By acting out with children as young as 12, Eslick has dramatically distinguished himself from the defendants who have received downward variances from this Court when their misconduct was limited to possessing child pornography they got from the Internet.

Moreover, unlike some defendants whose requests for downward variances in child-pornography possession cases have been granted by the Court (e.g., CR-11-148-C), Eslick enjoyed a childhood free from abuse. Indeed, he grew up in a "Leave it to Beaver" household. PSR at ¶ 62. He enjoyed every advantage, growing up with both parents and getting to go to college. *Id*. at ¶ 63. Eslick grew up in a loving environment that taught him right from wrong. This makes him fully culpable for the misconduct that brings him before the Court. Eslick's chat with an unidentified 12-year-old child sums up his state of mind when he committed this misconduct. Eslick stated: "So tell me….how old are you?! I'm just curious. You look young…and I promise I font (sic) care haha ;-) . . . I feel like you're scared to tell me bc everytime I ask you stray away from it haha :-) I promise it's ok." *Id*. at ¶ 31. After receiving these assurances from Eslick, his chat partner divulged his age: "Im 12." *Id*. Hardly deterred, an enthused Eslick wrote back: "Awesome!!! :-)." *Id*. His chat partner wrote

back, "U dnt (sic) care how old I am. An (sic) how old are u[?]"*Id*. Eslick wrote back: "Lol I'm 23…**I should care…but I don't :-)**". *Id*.

Eslick well knew that the sexual exploitation of children was wrong, yet he did it anyway—serially. And this is not an exaggeration, considering Eslick's misconduct vis-à-vis the unidentified 12-year-old child, 14-year-old C., 16-year-old A., and the fact that he's responsible for *3,150* images of child pornography, some of which he trafficked to an undercover agent. *Id*. at ¶¶ 13 and 38. Further, Eslick's child pornography was not naked-kids-in-the-tub; it was hard core, some of it even depicting violent rape. *See*, e.g., *id*. at 34.

A sentence below the guideline range won't do. Eslick is no mere possessor of child pornography. He possessed and trafficked in the vilest variety of child pornography, and he acted out, exploiting children. The guideline range in this case doesn't take into consideration the fact that Eslick actually exploited children. Yet it prescribes a range that goes up to 120 months' imprisonment. Since Eslick did exploit children in addition to trafficking in Internet child pornography, he should be sentenced at the high end of the range in order to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. *See* 18 U.S.C. § 3553(a). Such a sentence will be "sufficient, but not greater than necessary, to comply with the" statutory goals of sentencing.

**III.**        **A note on Eslick's objection to paragraph 46 of the PSR.**

Eslick objects to paragraph 46 of the PSR, which assesses a two-level enhancement for distributing child pornography pursuant to USSG §2G2.2(b)(F) ("Distribution other than distribution described in subdivision (A) through (E), increase **2** levels."). PSR at p. 22. This enhancement was based on the fact that an undercover agent downloaded Eslick's shared child pornography. *See* PSR at ¶¶ 12-13. Eslick did not object to paragraphs 12-13 of the PSR. Yet he objected to paragraph 46, stating that "[t]he files described were *all* located on an *external* hard drive owned by Mr. Eslick after a previous computer had crashed, and *not* part of any computer that was *in operation*, and *not subject to being downloaded or shared* from his computer." *Id*. at p. 22. (emphasis added). This is not so.

The undercover agent downloaded child pornography that Eslick had shared via the Gnutella network (i.e., peer-to-peer file sharing). *See id*. at ¶¶ 12-13. During the execution of the search warrant, an onsite preview of Eslick's computer (not his external hard drive) found child-pornography videos. *Id*. at 18. Eslick admitted to investigators that he had used Frostwire (a type of peer-to-peer file sharing) recently. *Id*. at ¶ 17. Eslick admitted that he had downloaded child pornography as recently as two months prior to the interview. *Id*. at ¶ 18. This was corroborated forensically. *See id*. at ¶ 30. Eslick also admitted that his external hard drive contained child pornography. *Id*. at ¶ 19. Forensic analysis corroborated this too. *Id*. at ¶ 29. But "[a]n examination of the defendant's *laptop* revealed "13 child

pornography videos, 12 child pornography photos . . . [and] 13 attempts to download and one with bestiality." *Id*. (emphasis added). So Eslick had child pornography on *both* his external hard drive and his laptop—contrary to what he said in his objection to paragraph 46.

Moreover, "[t]he forensic examiner noted that the child pornography was downloaded using Frostwire and was further found in the defendant's saved folder." *Id*. at ¶ 30. And "an installation report from Frostwire informs the user at the time of installation that the saved folder is also a shared folder. The shared folder allows other Frostwire users to download the content." *Id*. Clearly, then, Eslick used Frostwire peer-to-peer file sharing software—the point of which is to "share files"—to get child pornography. He housed the child pornography he got in his shared folder. And the undercover agent downloaded some of his shared child pornography.

Thus, Eslick distributed child pornography within the meaning of USSG §2G2.2(b)(F), especially considering the application notes' explanation that "[d]istribution means any act, including possession with intent to distribute . . . transmission . . . and transportation[ ] related to the transfer of material involving the sexual exploitation of a minor." USSG §2G2.2(b)(F), n. 1.

None of the foregoing citations of the offense conduct section of the PSR are disputed. These facts form a sufficient basis for the Court to overrule Eslick's objection to paragraph 46 without the presentation of additional evidence. However, the United States will have the forensic examiner standing by at sentencing in case additional evidence would

be helpful to resolve this objection. The examiner will testify[1] that Eslick's functioning laptop computer contained Frostwire peer-to-peer file sharing software, the software was set to "share" files, and that the installation of the software puts the user on notice of its file-sharing properties.[2] The examiner will also testify that Eslick told him that he used terms such as "twink" and "teen sex" to search for child pornography on Frostwire. And he will testify that he located the child pornography that the undercover agent downloaded—which contained the word "pedo" in the descriptive file names—in Eslick's Frostwire shared folder.

If evidence in addition to that contained in the PSR is needed to resolve Eslick's objection to paragraph 46, the forensic examiner's testimony will be more than sufficient to prove the enhancement by a preponderance of the evidence. *See*, e.g., *United States v. Herget*, No. 12-5071, 2012 WL 3711792, at *4 (10th Cir. Aug. 29, 2012) (Judge Friot's reasoning, after hearing forensic examiner's testimony, that defendant's configuration of peer-to-peer file sharing software combined with child-pornography files found in shared directory sufficient to trigger §2G2.2(b)(F) enhancement—even though no files actually shared—was not clearly erroneous).

---

[1] The information contained in this proffer comes from the examiner's forensic report, which was provided to Eslick in discovery on May 14, 2012.

[2] The examiner's report says: "During the installation process, the user is informed the 'saved' folder is also a share folder, where other FrostWire users can download its content. Eslick therefore knows other users can download the child pornography from him."

IV.        Conclusion.

The Court should overrule Eslick's objection to paragraph 46 of the PSR and sentence him at the high end of the guidelines range in order to satisfy the objectives of 18 U.S.C. § 3553(a).

Respectfully submitted,

SANFORD C. COATS
United States Attorney

*s/Brandon T. Hale*
Assistant U.S. Attorney
OK Bar Number: 19819
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8813 (Office)
(405) 553-8887 (Fax)
brandon.hale@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: Scott M. Anderson,  Counsel for Defendant.

*s/Brandon T. Hale*
Assistant U.S. Attorney