IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. CR-12-180-C |
| ) | |
| STEVEN M. ESLICK, ) | |
| ) | |
| Defendant. ) | |

## SENTENCING MEMORANDUM
## OF STEVEN ESLICK

Steven M. Eslick, through counsel, submits the following sentencing memorandum:

Steven Mark Eslick was born in Oklahoma City, Oklahoma on March 9, 1988, to Mark and Judy Eslick. Steven is the brother to a younger sister, Shae (Eslick) Morphew, and grew up in a loving, stable, and religious household. Both of his parents were junior high teachers in Bristow, Oklahoma, where Steven was raised. Steven was an honor student at Bristow High School, where he graduated in 2006, and began attending Oklahoma State University in the fall of 2006, where he has accrued enough

hours to be classified as a senior academically, as a vocal music major.

It was during his time as a student at Oklahoma State, where Steven came into his own emotionally, and began to outwardly acknowledge what he had hidden since junior high, that he was gay. This late blooming was due to his upbringing, where in the household he was raised, homosexuality was considered 'wrong', or 'bad' even though it is clear through their support letters, that Stephen's parents knew that he was different from other boys and later adolescents. During these years in college, Steven began the emotional and sexual maturation process which he had been denied due to the circumstances of his upbringing under his parent's roof, as well as the community he was raised in. He explored, as all other emotionally and sexually maturing adolescents do, and during this time period viewed and downloaded online pornography, both legal, and illegal. Due to the downloading of certain flagged pornographic items, a search warrant was requested and issued for the residence where Mr. Eslick resided, and on July 25, 2011, officers with the Edmond Police Department served a searched warrant for the residence Mr. Eslick shared with other roommates.

Mr. Eslick voluntarily answered questions, and acknowledged his downloading of likely illegal materials, due to wanting to view images of individuals closer to his age. After this contact in July 2011, he secured present counsel, and during 2011, remained in contact with counsel as routine inquiries to the Oklahoma County District Attorney's office were made due to the likelihood of criminal charges in the future. On April 20, 2012, Steven Eslick received a 'target letter' from the United States Attorney's Office concerning the July 2011 search and interview of Mr. Eslick. In voluntarily interviewing with law enforcement, his later evaluation with Dr. Richard Kishur and his entry of plea, he admitted these incidents, to include the texting of conversations and exchanging of photos, which became sexual in nature. (A copy of Dr. Kishur's evaluation and report is attached to this pleading, and has been previously provided to United States Probation, as well as the United States Attorney's Office)

Mr. Eslick asks this Court to look at the following these issues in assessing his sentence:

1. **Mr. Eslick's history and characteristics in looking at his life as a whole warrant a downward departure.**

Apart from this offense, Mr. Eslick's history and personal and professional characteristics show this Court that the charges in his case were isolated, exploratory in nature, and a result of his late sexual awakening. Mr. Eslick's actions were brief and fantasy-driven, and since his contact with law enforcement in July, 2011, he has undergone proper steps to seek evaluation, treatment and since his charging, has exhibited perfect conduct and supervision. Mr. Eslick's actions were done through naivete, and no allegation exists that this was done to be exploitative in nature to others.

Mr. Eslick's actions, in viewing them in a strictly legal context are totally out of suit with the rest of his life and his upbringing. His life, taken in totality, the positive influence and individual he has been indicates his behavior in this case is aberrant in nature. His support letters from family, friends, and co-workers show the kind of person he is, and has been during his twenty-four years. Counsel would argue that this is indicative that he

would likely be a successful probationer on any term of supervised release by the court, and unlikely to be a recidivist, in any fashion. Apart from this charge and surrounding conduct, Mr. Eslick has been a law-abiding citizen, a good student, a hard working employee, and a committed friend to others, and a good son to his parents. His actions, although illegal, are not the sort of conduct which indicate that the community needs to fear Steven Eslick, nor be protected from him.

Mr. Eslick's conduct and lack of any criminal history, are grounds to greatly depart when taking into account his lack of any criminal history. Section 5K2.0 of the USSG authorizes a departure from the guidelines if the court finds sufficient circumstances not adequately taken into account by the United States Sentencing Commission. Accordingly, the Tenth Circuit has long recognized a combination of factors as grounds for downward departures. U. S. v. Bowser, 941 F.2d 1019, 1024-25 (10th Cir. 1991).

Here, Mr. Eslick was a closeted adolescent and young gay man growing up in a devoutly Christian household, as evidenced by the support letters provided by his parents and extended family to the Court. Although Mr. Eslick knew he grew up with the support of his family, he

also grew up in Bristow, Oklahoma, a rural, conservative town where he was knew he would never be comfortable to be who he was born as, and without coming out, still suffered scorn and ridicule while in school for being different, while succeeding academically, as he detailed in a clinical psychosexual evaluation and testing battery by Dr. Kishur when he described being called, "gay" and "fag", in school settings growing up.

Finally, it must be noted that in the time following these acts culminating in the execution of the search warrant of the residence he shared with others, Mr. Eslick engaged in no further criminal conduct of this type that would be any type of 'thumbing his nose' at the Court, or in failing to seek professional help and treatment for impulse-related conduct. Such lack of similar conduct after being contacted by law enforcement, when the Edmond Police Department executed the search warrant on July 25, 2011, and with no similar conduct after the dust had settled on his charge, goes to show Mr. Eslick's sincerity and the acknowledgment of the illegality of his actions.  After this contact, Mr. Eslick contacted and retained counsel, and contact was  routinely made with the Oklahoma County District Attorney's office to determine the status of any pending

charges. These factors show that Mr. Eslick's actions were truly isolated in nature, and worthy of considering his history and character showing why a substantial departure from the sentencing guidelines is appropriate in this case.

**2. The advisory guidelines are far greater than necessary to satisfy the purpose of sentencing.**

Steven Eslick is a good young man who exhibited horrible lapses in judgment. He knowingly downloaded child pornography to satisfy his sexual curiosities and viewed videos and images. These files, manufactured by others, involved the abuse and degradation of children. Mr. Eslick's failed to acknowledge the wrongfulness of downloading and viewing these files based on his curiosity and exploratory behavior after coming of age emotionally and sexually. Viewing these materials during what can only be termed as his sexual adolescence, and the conversations he engaged in during this time does indicate that his conduct involves fantasy-like behavior. Dr. Kishur will testify to events such as this as 'hands-off' interaction, and displays a lack of intent to exploit, and

indicative of emotional and sexual immaturity that a person of greater maturity and life experiences would exhibit. These circumstantial factors with respect to Mr. Eslick show why leniency is warranted in this case. Dr. Kishur will further testify that the same analysis is true when looking at Mr. Eslick's flirtations and sexually-related conversations via text messaging. This chatting also exhibited fantasy-driven behavior, and hands-off interaction. Counsel believes that this assertion must be made clear to the Court due to the fact that in Presentence Report, Mr. Eslick , in being honest with questioning thru evaluators and in preparation of his report acknowledged that this conversation involved discussions of actual meetings, although none ever took place in any fashion. As evidenced by the materials provided to the court, and expected testimony by Dr. Kishur, served as further details to the fantasy of an actual relationship with someone in his peer group emotionally.

Counsel would state to the Court that the sentencing guidelines are shocking for the circumstances of this case, and far beyond what is necessary to satisfy the factors in imposing a sentence under 18 U.S.C. § 3553(a). The Court, in consideration of the nature and circumstances of the

offense, and the history and characteristics of the defendant, along with the need of the sentence to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence of criminal conduct, to protect the public from further crimes of the defendant; and to provide the defendant with needed education or training as seen fit, and in an effective matter.  In this case, Steven Eslick he had just come of age sexually, and did not contemplate the severity of what he viewed and the provocative conversations he engaged in with teenagers only a few years younger than himself.  The history and characteristics of Mr. Eslick, and in viewing the circumstances of this case reflect the need for leniency.

Based on the circumstances detailed in analyzing the factors of § 3553, counsel would state that a sentence far below guidelines, due to the ability to supervise Mr. Eslick and his subsequent registration obligations under SORNA satisfy a rationale for such a sentence.

## **CONCLUSION**

Steven Eslick's actions were illegal. He downloaded pictures and videos from a file-sharing internet program which contained pornography involving minors and other humiliating subjects. Although uncharged, but relevant to his sentencing, he engaged in flirtatious and inappropriate behavior via text messages with two teenagers who he met while involved in a choir in Stillwater, Oklahoma, while he was a student at Oklahoma State University. Steven Eslick is also a twenty-five year old young gay man, whose years exceed his life experiences, even at his young age. He is a product of two good, devoutly Christian parents. He is the son of his father, whose support letter acknowledges his anguish over refusing to believe that his only son was gay, and attempting to 'steer' him towards being an alpha male during his childhood and adolescence. Steven is the son of a mother who knew that her good-hearted, gentle son was gay, but whose beliefs would not allow acceptance of such while under their roof, along with the obvious life's knowledge to know that the world is not always a nice place, let alone the mindset of a smaller, rural community where she was aware of the ridicule that her son suffered for being different

than others, regardless of his academic successes and the pride she felt for have raising such a good young man. Steven Eslick is the friend and co-worker that so many have provided many support letters on behalf of, echoing the same sentiments.

From his emotionally regressed upbringing and the community he was raised, he had few, if any, of the same experiences that every other teenager experiences. He did not date, he did not fall in adolescent love, and did not honestly experience any emotional and romantic milestones which his peers did. He did not have experiences sexually of any meaning, and suffered shame and embarrassment during those times. It was not until he left home for college that while being a student, an employee, and a friend to others, and others' friends, that he found himself emotionally, and eventually, romantically and sexually, without the reservation of disapproval that he knew existed in the home he was raised in, and the community he grew up in.

Steven Eslick is embarrassed to be before this Court to have had to enter a plea to the humiliating charge of which he admitted wrongdoing. He is remorseful for engaging in communications and conversations which

would cause anyone else embarrassment or ridicule themselves. He has engaged in rehabilitative measures, sought evaluations from clinical experts in the field to identify his deep-seated issues of shame over his repression and early adult admission of being openly gay, and issues of impulse control. He has been as perfect a pre-trial supervision subject as this Counsel has ever been involved with, based on the set of conditions imposed upon him, to include electronic monitoring, house arrest, and his continued full-time employment throughout these proceedings.

Accordingly, counsel for Steven Eslick prays that this Court impose a minimal sentence of incarceration, if any, with a lengthy term of supervised release, with the acknowledgment and understanding that Mr. Eslick will continue to be required to register as an offender under SORNA beyond any sentence imposed by the Court. Under the circumstances before this Court, Counsel for Mr. Eslick believes that such a sentence still provides adequate respect for the law, results in the proper administration of justice, and still provides punishment which obligates himself to the justice system during and after the expiration of any sentence, whether imprisonment, supervised release, or both due to his registration requirements.

Respectfully submitted,

/s/Scott          M.          Anderson
SCOTT M. ANDERSON OBA#19036
500 North Walker, Suite B
Oklahoma City, OK 73102
Telephone: (405) 236-2221
Facsimile:            (405) 236-2229
ATTORNEY FOR DEFENDANT
STEVEN ESLICK

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the day of filing, the above and foregoing document was delivered via ECF filing to the following:

>Brandon Hale, Esq.
>Assistant United States Attorney
>210 W. Park Ave, Suite 400
>Oklahoma City, Oklahoma 73102

>Lea Harmon
>United States Probation and Parole
>215 Dean A. McGee
>Oklahoma City, OK 73102

                                      /s/ Scott M. Anderson
                                      SCOTT M. ANDERSON