# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-12-180-C |
| ) | |
| STEVEN ESLICK, ) | |
| ) | |
| Defendant. ) | |

## APPLICATION TO SEAL

COMES NOW the plaintiff, United States of America, by Sanford C. Coats, United States Attorney for the Western District of Oklahoma, through Brandon Hale, Assistant United States Attorney, and applies, pursuant to Local Criminal Rule 12.3, for an Order sealing the Response to Defendant's Sentencing Memorandum in the above-captioned case until further order of the Court.

An Order sealing the Response to Defendant's Sentencing Memorandum is requested by the government for the reason that psychological information stemming from an evaluation of the defendant, which is obtained from the presentence investigation report, is discussed in the response.

Further, the Court has the authority to seal documents in appropriate circumstances. <u>United States v. McVeigh</u>, 119 F.3d 806, 811 (10th Cir. 1997) (finding that district court has authority to seal judicial documents "if right to access is outweighed by the interests favoring nondisclosure."); <u>United States v. Hickey</u>, 767 F.2d 705, 708 (10th Cir. 1985) ("All courts have supervisory powers over their own records and files" and may, in

their discretion seal documents . . . .); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980) ("It is beyond question that this court has discretionary power to control and seal, if necessary, records and files in its possession."). See also In re Knight Pub. Co., 743 F.2d 231, 234 (4th Cir. 1984) (In criminal cases, "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interest."); see United States v. Martin, 746 F.2d 964 (3d Cir. 1984) (recognizing district court has authority to seal judicial records and documents); In re Knoxville News-Sentinel Co., 723 F.2d 470, 474 (6th Cir. 1983) (finding court has power to seal files where a party's interest in privacy may outweigh the public interest in disclosure); Matter of Sealed Affidavit(s) to Search Warrants, 600 F.2d 1256, 1257 (9th Cir. 1979) (per curiam) (holding that courts have inherent power to seal documents).

WHEREFORE, the government requests that the Court issue an Order sealing the Response to Defendant's Sentencing Memorandum.

Respectfully submitted,

SANFORD C. COATS
United States Attorney

*s/Brandon Hale*
Assistant U.S. Attorney
Bar Number:  19819
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma  73102
(405) 553-8813 (Office)
(405) 553-8888 (Fax)
Brandon.Hale@usdoj.gov

BH:cls

2