AO 245B (REV. 12/03) Judgment in a Criminal Case
Sheet 1

RECEIVED

# United States District Court
## Western District Of Oklahoma

2013 FEB -8 PH 12: 17

U.S. Marshals Service
Western Oklahoma

**UNITED STATES OF AMERICA**

**v.**

**STEVEN ESLICK**

**JUDGMENT IN A CRIMINAL CASE**

| | |
|---|---|
| CASE NUMBER: | CR-12-180-C |
| USM NUMBER: | 27646-064 |

Scott M. Anderson
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) _____ One (1) of Information _____ .

☐ pleaded nolo contendere to count(s) _____ , which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offenses Ended | Count |
|---|---|---|---|
| 18:2253 | Criminal Forfeiture | July 25, 2011 | 0 |
| 18:2252A(a)(5)(B) | Possession of Child Pornography | "        " | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ .

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $ 100 for count(s) 1 of information which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant's economic circumstances.

January 3, 2013
Date of Imposition of Judgment

_Robin J. Cauthron_
Signature of Judicial Officer

ROBIN J. CAUTHRON, U. S. DISTRICT JUDGE
Name and Title of Judicial Officer

January 11, 2013
Date Signed

AO 245B (Rev. 12/03) Judgement in a Criminal Case:
Sheet 2 - Imprisonment

DEFENDANT: ESLICK, STEVEN
CASE NUMBER: CR-12-180-C

Judgment— Page ___2___ of ___5___

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _____
Fifty-Seven (57) months                                                                                                                          .

☒   The court makes the following recommendations to the Bureau of Prisons:        , if eligible.
It is recommended the defendant participate in the Federal Bureau of Prisons Inmate Financial Responsibility
Program at a rate determined by Bureau of Prisons staff in accordance with the program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
    ☐ by __12:00 noon____ on _____.
    ☐ as notified by the United States marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☒ by 12:00 noon  on __Monday, February 4, 2013__.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

# FILED

FEB 11 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on 2-5-13  to __FTC - BOP_____ at

Oklahoma City _____, with a certified copy of this judgment.

Paul A. Kastner, Warden
United States Marshal

By __M. Kapam   CSO_____
Deputy Marshal

AO 245B (Rev. 12/03) Judgment in a Criminal Case:
Sheet 3 - Supervised Release

Judgment— Page ___3___ of ___5___

DEFENDANT: ESLICK, STEVEN
CASE NUMBER: CR-12-180-C

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2000.

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev..12/03)  Judgment in a Criminal Case:
Sheet 3C - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | ESLICK, STEVEN | PAGE _4__ OF _5_ |
| CASE NUMBER: | CR-12-180-C | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer. This assessment and treatment may include a polygraph to assist in planning and case monitoring. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the supervising probation officer and to authorize open communication between the probation officer and the treatment provider.

The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the U.S. Probation Officer.

The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Officer.

The defendant shall not view, purchase, possess, or distribute any form of pornography depicting sexually explicit conduct as defined in 18 U.S.C. 2256(2), unless approved for treatment purposes, or frequent any place where such material is the primary product for sale or entertainment is available.

The defendant shall register pursuant to the provisions of the Sex Offender Registration and Notification Act, or any applicable state registration law. The defendant shall submit his/her person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall not use a computer to access any on-line computer service at any location (including employment) for the purpose of viewing, obtaining, or transmitting child pornography or other sexually explicit material. The defendant shall not access Internet chat rooms for the purpose of obtaining child pornography or enticing children under the age of 18 to engage in sexually explicit activity.

The defendant shall consent to third party disclosure to any employer or potential employer concerning computer-related restrictions and monitoring requirements.

The defendant shall consent to the U. S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any computer equipment used by the defendant. The examination may include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with his/her conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation officer, installation on the defendant's computer, at the defendant's expense per co-payment policy, any hardware or software systems to monitor the defendant's computer use. The defendant shall comply with a Computer Monitoring and Acceptable Use Contract, which includes a requirement that the defendant use a computer compatible with available monitoring systems. The defendant shall have no expectation of privacy regarding computer use or information stored on the computer.

The defendant shall warn any other significant third parties that the computer(s) may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation.

The defendant shall not possess or use a computer with access to any on-line computer service at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet Service provider, bulletin board system or any other public or private network or e-mail system.

Case 5:12-cr-00180-C   Document 29   Filed 01/11/13   Page 5 of 5

AO245B    (Rev. 12/03) Judgment in a Criminal Case
               Sheet 6 — Schedule of Payments

DEFENDANT:   ESLICK, STEVEN                              Judgment — Page __5__ of __5__
CASE NUMBER:   CR-12-180-C

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   ☒ Lump sum payment of $100.00 due immediately, balance due
           ☐ not later than _____, or
           ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or ☐ F below; or
**B**   ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D,   ☐ F below); or
**C**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of __
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;
           or
**D**   ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of __
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from
           imprisonment to a term of supervision; or
**E**   ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
           imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;
           or
**F**   ☐ Special instructions regarding the payment of criminal monetary penalties:

           If restitution is not paid in full at the time of release from confinement, the defendant shall make payments the greater
           of $ per month or not less than 10% of the defendant's gross monthly income as directed by the probation officer.
           Payments are to commence not later than 30 days after release from confinement. Payments shall be forwarded to the
           U.S. Court Clerk for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal
Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
      Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   **The defendant shall forfeit to the United States all right, title, and interest in the assets listed in the**
      **Preliminary Order of Forfeiture dated** <u>August 13, 2012</u> .

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine
principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court
costs.