IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Nos. CR-19-380-C & CR-12-180-C |
| ) | |
| STEVEN ESLICK, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S UNOPPOSED MOTION FOR CONTINUANCE OF SENTENCING

Comes now the Defendant, Steven Eslick, by and through his attorney of record, Perry Hudson, and respectfully requests that this honorable Court continue his sentencing date in each of the above cases from their current setting of April 8, 2020 to a date in the future as determined appropriate by this honorable Court.

In support of this motion, the Defendant submits the following:

1. Mr. Eslick entered a plea of guilty in CR-19-380 on January 8, 2020. On the same day, Mr. Eslick stipulated to his supervised release violation in CR-12-180.

2. Mr. Eslick's final Presentence Investigation Report was filed on March 19, 2020.

3. On March 20, 2020 this honorable Court set Mr. Eslick for sentencing in each of the two above referenced cases on April 8, 2020.

4. Significant changes have occurred since this honorable Court set the instant cases for sentencing.

5. President Trump signed the Coronavirus Aid, Relief and Economic Security Act (Act) into law on March 27, 2020. The Act provided that if the Judicial Conference of the United States found that emergency conditions created by Coronavirus will materially affect the functioning of the Federal courts then the chief district judge of a district may authorize the use of video teleconferencing.

6. On March 29, 2020 the Judicial Conference of the United States found that emergency conditions created by the Coronavirus have and will materially affect[ed] the functioning of the federal courts.

7. On March 30, 2020 the Honorable Timothy DeGiusti, Chief Judge for the Western District of Oklahoma, issued General Order 20-9. Judge DeGiusti, relying on § 15002(b)(2) of the Coronavirus Aid, Relief and Economic Securities Act, specifically found "felony sentencings under Fed. R. Crim. P. 32 cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, Judge DeGiusti ruled that "if the presiding judge in a particular case finds specific reasons that the ... sentencing in that case cannot be further delayed without serious harm to the interests of justice, the judge may, with the consent of the defendant after consultation with counsel, conduct the ... sentencing in that case by video teleconference ..."

8. Mr. Eslick is willing to be sentenced by video teleconferencing if that is necessary. However, Mr. Eslick has a strong desire to be sentenced in person if possible and submits that there are no reasons that the sentencing in the instant case cannot be continued without serious harm to the interests of justice. Mr. Eslick would like to address this honorable Court personally and he would like

his parents and his sister to be personally present for his sentencing. Additionally, Mr. Eslick would like to have additional time to consult with counsel prior to sentencing which is currently difficult as in-person visits at the jail are dangerous and the Grady County Jail is still in the process of establishing a privileged video conference system for attorney/client conversations.

9. Mr. Eslick realizes that a continuance may result in him being held in the Grady County Jail longer than is necessary, but he does not object to this. Mr. Eslick is facing a mandatory minimum ten (10) year sentence so there is no chance that the delay will result in unnecessary imprisonment. Admittedly, time spent in the county jail is, for many reasons, more punitive than time spent in the Bureau of Prisons but this is a fact that Mr. Eslick is personally familiar with and willing to accept.

10. Mr. Eslick's request for a continuance is not influenced by his counsel's position because counsel's position was never communicated to Mr. Eslick. However, to the extent it is relevant, counsel for Mr. Eslick would appreciate the requested continuance being granted. Counsel's position is based on his understanding of how the video teleconferencing system will work. It is counsel's belief that he will need to be present with Mr. Eslick at the Grady County Jail during the sentencing. If this is accurate then it creates a potentially dangerous situation for both counsel and Mr. Eslick. Both are willing to incur this risk, but there is no reason to do so in the instant case when the requested continuance is not contrary to the interests of justice.

11. This is Mr. Eslick's first requested continuance and, at this time, no additional requests are anticipated.

12. Assistant United States Attorney Brandon Hale has authorized counsel to inform this honorable Court that the Government does not object to granting the instant motion.

13. This request is made for the reasons put forth above and not for purposes of delay.

For the above and foregoing reasons Defendant respectfully requests that this honorable Court grant this motion for continuance. Defendant requests that his sentencing be continued to a time in the future as determined appropriate by this honorable Court.

Respectfully submitted,

*Perry Hudson*

Perry Hudson, #17649
Hudson Law Office, PLLC
P.O. Box 2956
Oklahoma City, Oklahoma 73101
Counsel for Steven Eslick

### Certificate of Service

I certify that on April 3, 2020 a true and correct copy of the above and foregoing was electronically served upon:

Brandon Hale
Assistant United States Attorney
brandon.hale@usdoj.gov

*Perry Hudson*

Perry Hudson